
FILED
FEBRUARY 12, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBBIE LYNN NEWBY, PRO SE, § | | |
| TDCJ-CID #1238216 § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0017 | |
| § | | |
| ZONA PRINCE and DAVID McCOY, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

Plaintiff ROBBIE LYNN NEWBY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed in forma pauperis.

Plaintiff, who has since been declared a "vexatious litigant" and is barred from filing new suits in Texas state courts, *In re Newby*, 2008 WL 4425530 (TX App. – Beaumont October 2, 2008) No. 09-08-337 CV, states he submitted two original petitions on May 11, 2007, *Newby v. Llewellen* and on May 17, 2007, *Newby v. Pate*, to the 100th District Court for filing and requested issuance of citation.

Plaintiff claims defendant PRINCE failed to issue cause numbers or citations in these actions, despite his monthly letters to her which, he says, she ignored. Further, plaintiff claims he wrote defendant McCOY, Judge of the 100th District Court, and filed a "Motion for an Order to Issue Cause Numbers" and a petition for a writ of mandamus. Plaintiff says defendant

McCOY ignored him too and he "can't get these cases in court[1]."

Plaintiff requests that the Court issue a "declaration as to the rights & duties of the parties, issue an injunction, & award due damages."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

---

[1]The Court takes judicial notice that proposed defendant McCoy is no longer Judge of the 100th judicial district court of Texas. On March 18, 2008, the governor appointed Judge Messer as Judge McCoy's successor. In re Newby, 266 S.W.3d 557, 558 n.1 (Tex.App. – Amarillo 2008, no writ).

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

The declaratory and injunctive relief plaintiff appears to seek is in the nature of mandamus relief. Plaintiff sought mandamus relief in state courts regarding his problems with Judge McCOY at least twice, once in 2007 before this suit was filed by cause no. 07-07-0480-CV, and again in 2008, cause no. 07-08-0300-CV, dismissed as moot. Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

Plaintiff has utterly failed to allege facts showing he has suffered any harm for which he is entitled to monetary damages against either defendant.

Lastly, plaintiff alleges no fact showing defendant McCOY acted outside his judicial capacity and, therefore, defendant McCOY is protected by judicial immunity from plaintiff's request for monetary relief. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967).

Therefore, to the extent plaintiff seeks monetary relief, he has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983 by plaintiff ROBBIE LYNN NEWBY be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN

BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).